

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, NY 11201*

March 28, 2022

**BY ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Make the Road New York et al. v. U.S. Department of Homeland Security et al.*, No. 19-cv-4607 (Cogan, J.)

Dear Judge Cogan:

      This Office represents Defendants U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and Executive Office of Immigration Review ("EOIR") (collectively, "Defendants") in the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. At the conclusion of the status conference on March 17, 2022, the Court directed Defendants to file a motion for summary judgment by April 17, and Plaintiffs to file their response by May 17, 2022. However, as discussed below, a motion for summary judgment would be premature because Defendants are continuing to make productions in response to Plaintiffs' FOIA requests. Further, Plaintiffs have not articulated any specific challenges to Defendants' productions, and the issues to be briefed are not defined. Accordingly, Defendants respectfully request that the Court stay the briefing schedule for Defendants' summary judgment motion, and instead direct the parties to file a joint status report by April 29, which includes the status of the remaining productions and identifies the specific issues that remain for summary judgment briefing. Plaintiffs do not object to Defendants' request to stay the briefing schedule.

      By way of background, on August 9, 2019, Plaintiffs commenced this action to compel Defendants to release records responsive to their FOIA requests seeking information about a notice of proposed rulemaking titled "Inadmissibility on Public Charge Grounds." *See* Dkt. 1 ¶¶ 1-7. On September 20, 2019, Defendants filed an answer to the complaint. *See* Dkt. 19. Shortly after the answer was filed, the parties commenced negotiations on search terms for Defendants to use in locating documents potentially responsive to the FOIA requests. In or around March 2020, the parties finalized those search terms, and Defendants commenced making rolling productions of responsive documents.

      Defendants DHS, USCIS, and EOIR have completed their productions, except for referrals and consultations. Specifically, DHS processed 5,437 pages and made 12 productions containing 3,413 pages; USCIS made 13 productions containing approximately 3,165 pages and 22

spreadsheets; and EOIR made 1 production containing 9 pages. USCIS applied FOIA exemptions 5, 6, and 7(e), where appropriate throughout the productions. DHS applied FOIA exemptions 5 and 6, where appropriate throughout the productions.

Defendant ICE has made 16 productions and reviewed approximately 15,734 pages of records. ICE applied FOIA exemptions 5, 6, 7C, and 7E where appropriate through the productions. ICE sent approximately 904 pages of records that contained other agencies equities for consultation and referred approximately 423 pages of records that originated from DHS and USCIS back to those agencies for direct response to the Plaintiffs. ICE is currently waiting for responses from multiple agencies to which it referred documents for consultations. Additionally, DHS and USCIS are currently processing the pages that were referred to them by ICE for direct response to Plaintiffs.[1]

Thus, Defendants have not yet completed their productions. Consequently, this action is not moot because Defendants have not yet fully responded to the FOIA request.[2] *See, e.g., Muset v. Ishimaru*, 783 F.Supp.2d 360, 372 (E.D.N.Y. 2011) ("[A] FOIA action becomes moot if the agency responds, even belatedly, to a request."). For the same reason, a motion for summary judgment would be premature at this time.

Another factor weighs in favor of deferring motion practice. The FOIA authorizes courts to enjoin an agency from improperly withholding agency records from a person who has made a proper written request for the records. 5 U.S.C. § 552(a)(4)(B). To date, Plaintiffs have not raised any specific challenges to the adequacy of Defendants' searches (which were conducted based upon negotiated parameters) or the assertion of FOIA exemptions to redact or withhold documents. In the absence of information about whether Plaintiffs are challenging the responses, Defendants will not be able to tailor their motion to the issues that are actually in dispute. Requiring Plaintiffs to identify the specific issues, if any, that remain will conserve judicial resources.

Accordingly, Defendants respectfully request that the Court suspend the summary judgment deadlines, and require a joint status report to be filed by April 29. Alternatively, should the Court still require Defendant to file a motion for partial summary judgment (with respect to Defendants' not yet completed response to the FOIA request), Defendants request that the Court order Plaintiffs to articulate with specificity their specific challenges to Defendants' productions by no later than April 1, 2022, to enable Defendants to brief only the disputed issues before the Court.

Thank you for Your Honor's consideration of these requests.

---

[1] In addition, counsel from USCIS is on medical leave for several weeks, which will make it difficult for USCIS to complete its review in the timeframe the Court has set forth.

[2] Defendants would not argue that Plaintiffs lack standing or that the action is moot based on the status of the "Inadmissibility on Public Charge Grounds" rule because the FOIA litigation concerns only Plaintiffs' request for agency records, not the reasons for those requests.

                                                Respectfully submitted,

                                                BREON PEACE
                                                United States Attorney
                                                Eastern District of New York

By:    */s/ Ekta R. Dharia*
            EKTA R. DHARIA
            Assistant United States Attorney
            (718) 254-7520
            ekta.dharia@usdoj.gov

cc:      All Counsel of Record (By ECF)